**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2328
_____

ASIA JOHNSON,
                    Appellant

v.

POWHATAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00743)
District Judge: Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2018
Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Asia Johnson appeals the District Court's sua sponte order dismissing her

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

complaint as frivolous. We will affirm.

Johnson filed her action against the Powhatan, a Native American tribe, alleging it "talk[s] about human sacrifices and children sacrifices." Dkt. #1. She indicated that her child—who she contends was up for adoption—was in danger, and she sought to have her child returned to her. She also sought "freedom and rights to our land." The District Court granted Johnson's petition to proceed *in forma pauperis*, and then dismissed her complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)[1] because she "present[ed] no colorable legal claim, and because there is no realistic chance of ultimate success on the merits." Dkt. #2. Johnson now appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Under any conceivable standard of review, see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting split in authority), the District Court did not err in determining that Johnson failed to present a "colorable" legal claim based on the facts alleged. See Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (noting when a court may dismiss a claim as factually frivolous (citing Neitzke v. Williams, 490 U.S. 319, 325–28 (1989))); see also Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995) (noting "a claim based on an indisputably meritless legal theory may be dismissed as frivolous"). Johnson's allegations of child sacrifice—apparently gleaned from the internet—were appropriately

---

[1] Although the District Court's memorandum order cites 28 U.S.C. § 1915(d) as the basis for dismissal, see 28 U.S.C. § 1915(d) (Supp. I 1996), the section that grants a court authority to dismiss a case if it is "frivolous or malicious" is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).

2

described by the District Court as frivolous. See Bilal, 251 F.3d at 1350 (affirming dismissal as frivolous given district court's reasonable doubt of factual allegations coupled with minimal likelihood of success). Furthermore, Johnson's arguments offered on appeal present no reason to doubt the District Court's determination that her complaint had no realistic chance of success on the merits.[2]

Accordingly, we will affirm the District Court's judgment.

---

[2] We initially dismissed Johnson's appeal for failure to file a brief; however, she later notified us that a letter she had previously sent to the Court was her informal brief. The letter contains a single paragraph, in which she reiterates her allegations of child sacrifices, generally discusses her family heritage, and cites to Wikipedia pages on the Indian Removal Act and "Black Indians in the United States."